AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### District of Hawaii

**SEALED BY ORDER OF THE COURT**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Aug 19, 2025 10:00 AM
Lucy H. Carrillo, Clerk of Court

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JESSE JAMES KENNEDY | ) | Case No. MJ25-01085 WRP |
| | ) | |
| | ) | FILED UNDER SEAL PURSUANT TO CRIMLR5.2(a)(1) |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **August 22, 2022** in the county of **Honolulu** in the District of **Hawaii**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and 841(b)(1)(A) | Possession with intent to distribute methamphetamine |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Joshua Parker, FBI Special Agent
*Printed name and title*

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed.R.Crim.P. 4.1(b)(2).

Date: 08/19/2025

City and state: Honolulu, Hawaii

Wes Reber Porter
United States Magistrate Judge

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, **JOSHUA PARKER**, having been first duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). As such, I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been a Special Agent with the FBI since April 2012. I am currently assigned to the Criminal Enterprise squad of the Honolulu Division of the FBI.  During this time, I have participated in investigations concerning organized crime, drug trafficking, violent crime, money laundering, and other offenses.  I have participated in investigations which utilized Title III investigative techniques and telephone records to effectively identify subjects and gather evidence.  I have become versed in the methods in which criminals utilize wire communications to facilitate their illegal activities through the course of these investigations.  In addition, I have drafted search warrants that have led to valuable evidence collection. My investigative experience, as well as the experience of other law enforcement

1

agents and officers who are participating in this investigation, serves as the basis for the opinions and conclusions set forth herein.

3. This affidavit is submitted for the limited purpose of establishing probable cause to believe that from a precise date unknown but at least continuing to in or about August 22, 2022, JESSE JAMES KENNEDY, while in the District of Hawaii, did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(A).

4. The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and the review of other evidence. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation.

## **PROBABLE CAUSE**

5. On August 22, 2022, members of the FBI and DEA conducted surveillance on INDIVIDUAL 1, a suspected drug dealer at the time. During the

surveillance, INDIVIDUAL 1 was observed at their residence. From prior observations by members of the investigative team, it was suspected that INDIVIDUAL 1 used a specific vehicle parked in front of their residence as a stash vehicle. On August 22, 2022, members of the investigative team observed INDIVIDUAL 1 exit their residence and remove a blue reusable style shopping bag and a dark color suitcase from the suspected stash vehicle and return to their residence. A short time later INDIVIDUAL 1 was observed by members of the investigative team exiting the residence and placing the dark color suitcase into the trunk of the suspected stash vehicle and return to the residence empty-handed. A short time later INDIVIDUAL 1 was observed by members of the investigative team exiting the residence carrying two blue color reusable bags while walking to a vehicle, which he then entered.

6. Members of the investigative team observed INDIVIDUAL 1 drive to a store and park. During that time, INDIVIDUAL 2 walked up to the driver's side window of INDIVIDUAL 1's vehicle. INDIVIDUAL 2 walked away and INDIVIDUAL 1 continued driving.

7. INDIVIDUAL 1 drove to the corner of University Avenue and Vancouver Drive in Honolulu, Hawaii and parked. A short time later, members of

3

the investigative team observed INDIVIDUAL 1 travel slowly towards Seaview Avenue and park. Members of the investigative team then observed an individual later identified as KENNEDY, wearing a hard hat and construction vest, emerge from a construction site in the vicinity of Seaview Avenue and University Avenue, and walk up to INDIVIDUAL 1's front passenger door of the vehicle for a brief moment, and then walk away from the vehicle carrying a blue color reusable style shopping bag. KENNEDY walked into the construction site and INDIVIDUAL 1 departed the vicinity in their vehicle.

8. Approximately two hours later, members of the investigative team observed a male matching the physical description of KENNEDY exit the construction site carrying a dark color bag and walk toward a green Toyota truck bearing Hawaii license plate TWG641. According to the Hawaii Department of Motor Vehicles, the license plate of the green Toyota truck was registered to KENNEDY.

9. KENNEDY placed the dark color bag into the green Toyota truck, entered the driver side seat, and departed the area travelling westbound on H-1 Highway. At this time, surveillance of KENNEDY's vehicle was lost for approximately 8 minutes.

10. Surveillance was re-established and KENNEDY was observed driving westbound on H-1 Highway near the School Street exit. It was observed that KENNEDY's vehicle had an expired safety inspection sticker.

11. KENNEDY was later observed changing four lanes of traffic without a turn signal in an attempt to take the Makakilo Drive exit of H-1. Shortly after, a traffic stop was initiated by members of the investigative team in a Honolulu Police Department ("HPD") marked unit. During the traffic stop, KENNEDY provided his Hawaii driver license, which confirmed his identity.

12. Shortly after the stop was initiated, a Honolulu Sheriff Department's canine handler and canine were presented to KENNEDY's vehicle. The canine alerted to the presence of narcotics in the green Toyota truck. A search was initiated, and members of the investigative team discovered a dark color bag behind the front passenger seat containing two clear plastic bags containing white crystalline substance.

13. After the search of the green Toyota truck, members of the investigative team informed KENNEDY of his Miranda rights by reading from a DEA-13a card, to which KENNEDY waived and agreed to answer questions. KENNEDY stated, in sum and substance, among other things, that INDIVIDUAL 1, identified by

name, supplied him with the crystal methamphetamine found in KENNEDY's car. KENNEDY stated INDIVIDUAL 1 gave them the methamphetamine on consignment with the expectation that KENNEDY would pay INDIVIDUAL 1 $3,500 for each pound in a few weeks. KENNEDY confirmed the drug transaction took place while he was at work near University Avenue. KENNEDY admitted that during a prior transaction, he previously obtained one pound of methamphetamine from INDIVIDUAL 1. KENNEDY stated that upon receiving the methamphetamine he would sell it in smaller quantities to several customers.

14. Subsequent testing by the DEA Southwest Laboratory confirmed the white crystalline substance seized from KENNEDY's vehicle contained approximately 883.9 g ± 53.9 g of pure Methamphetamine Hydrochloride.

## REQUEST FOR SEALING

15. I further request that the Court order that all papers in connection with this matter be sealed until further order of the Court. The above-described matter is part of an ongoing investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal the Complaint, Affidavit, and Arrest Warrant because their premature disclosure may seriously jeopardize that investigation.

## CONCLUSION

16. Based on the foregoing, your affiant submits there is probable cause to believe that KENNEDY has violated 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

_____
JOSHUA PARKER
Special Agent
Federal Bureau of Investigation

This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at XXXXXXX on August 19, 2025.

Sworn to under oath before me telephonically, and attestation acknowledged pursuant to Fed. R. Crim. P. 4.1(b)(2), this 19th day of August, 2025, at Honolulu, Hawaii.



_____
Wes Reber Porter
United States Magistrate Judge

7